UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY A. RHODES,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, CORCORAN STATE PRISON,<br><br>    Respondent. | Case No. 1:20-cv-00012-JLT-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1) |

Petitioner Troy A. Rhodes ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). The Petition challenges Petitioner's finding of guilt for a rules violation for which Petitioner was assessed a five-month loss of time credits. (*Id*. at 3, n. 2). The Petition raises one ground for relief: there was insufficient evidence to support the disciplinary finding that Petitioner was guilty of battery on a peace officer. (*See generally id*.). As relief, Petitioner requests that the Court "reverse the finding of guilt as to this allegation." (*Id*. at 2). For the reasons set forth below, the undersigned recommends the Court deny Petitioner any relief on his Petition and decline to issue a certificate of appealability.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

# I. BACKGROUND

## A. Procedural History

Petitioner initiated this case on January 6, 2020 by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). After being ordered to respond to the Petition, Respondent filed an answer to the Petition and lodged the pertinent state court record on May 20, 2020. (Doc. No. 10). After an extension of time, Petitioner filed a traverse on July 27, 2020. (Doc. No. 14). On November 17, 2020, the case was reassigned to the undersigned. (Doc. No. 15). This matter is deemed submitted on the record before the Court.

## B. Facts Based Upon the Record

On October 3, 2017, correctional officer E. Wilson, the reporting employee, was sitting at his desk doing paperwork when Petitioner approached the door of his office in his boxers. (Ex. 1, Doc. No. 10 at 22). Officer Wilson reported that he turned his chair toward the door, moved the chair forward one foot, and told Petitioner to put some clothes on. (*Id.*). At this point Petitioner started yelling that his "line was cut down" and he "was going to hang all [his] lines back up." (*Id.*). Petitioner then placed his left hand on the outside doorknob of the office door and began to slam the door. (*Id.*). As the door was slamming shut, Officer Wilson's right leg was extended, leaving his right foot/boot exposed. (*Id.*). The slamming door struck Officer Wilson's right foot/boot and caused it to turn inward. (*Id.*). The door slamming caused all the windows in the office to shake. (*Id.*). Officer Wilson issued a rules violation report ("RVR") for battery on a peace officer. (*Id.*).

As outlined in the second level response, Petitioner was found guilty of the October 3, 2017 RVR, battery on a peace officer, based on the preponderance of evidence including eyewitness observations of Petitioner grabbing the door knob, slamming the office door, and hitting Officer Wilson's right foot with the door; evidentiary photographs of Officer Wilson's right boot area; and Petitioner's "partial admission of guilt by stating [he] in fact did slam the door shut." (Ex. 3, Doc. No. 10 at 64-65). Petitioner was assessed 150 days of loss of time credits. (Ex. 1, Doc. No. 10 at 18).

In March 2018, Petitioner filed a prison appeal (CDCR 602), contending that that there was insufficient evidence to support finding him guilty of battery because Officer Wilson "moved his foot in the doorway and it is the fault of the officer." (Ex. 3, Doc. No. 10 at 59-60, 64). On April 25, 2018, in a second level response, the reviewer denied Petitioner's appeal and found the required preponderance of evidence was obtained to justify the guilty finding of battery on a peace officer. (*Id*. at 64-65). In June 2018, Petitioner appealed the second level response and again argued Officer Wilson intentionally extended his foot/boot so that the door would hit his foot and maintained he could not be guilty of battery because "it was the officer's fault he was hit by the door." (*Id*. at 61-62, 67). The reviewer at the third level denied Petitioner's appeal and found no cause to modify the decision reached by the second level reviewer. (*Id*. at 68). The third level reviewer noted Petitioner was provided appropriate due process rights and administrative protections in the adjudication of the RVR; Petitioner did not call witnesses on his behalf; Petitioner admitted to slamming the door; and "[w]hether the officer intentionally stuck his foot in the door cannot be determined as the [third level examiner] was not there." (*Id*.)

After exhausting his remedies, Petitioner challenged his rules violation in a petition for writ of habeas corpus filed in the Kings County Superior Court. (*Id*. at 70-71). The Superior Court denied the petition for writ of habeas corpus. (*Id*.). The California Supreme Court summarily denied petitioner's habeas petition. (*Id*. at 74). Petitioner now proceeds on his federal Petition.

## II. APPLICABLE LAW

**A. AEDPA General Principles**

A federal court's statutory authority to issue habeas corpus relief for persons in state custody is set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA requires a state prisoner seeking federal habeas relief to first "exhaus[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). If the state courts do not adjudicate the prisoner's federal claim "on the merits," a *de novo* standard of review applies in the federal habeas proceeding; if the state courts do adjudicate the claim on the merits, then the AEDPA mandates a deferential, rather than *de novo*, review. *Kernan v.*

3

*Hinojosa*, 136 S. Ct. 1603, 1604 (2016). This deferential standard, set forth in § 2254(d), permits relief on a claim adjudicated on the merits, but only if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and intentionally difficult to satisfy. *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018); *White v. Woodall*, 572 U.S. 415, 419 (2014).

"Clearly established federal law" consists of the governing legal principles in the decisions of the United States Supreme Court when the state court issued its decision. *White*, 572 U.S. at 419. Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407, (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The petitioner must show that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

4

When reviewing a claim under § 2254(d), any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 571 U.S. 12, 18 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)).

As discussed earlier, for the deferential § 2254(d) standard to apply there must have been an "adjudication on the merits" in state court. An adjudication on the merits does not require that there be an opinion from the state court explaining the state court's reasoning. *Richter*, 562 U.S. at 98. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 99-100. This presumption applies whether the state court fails to discuss all the claims or discusses some claims but not others. *Johnson v. Williams*, 568 U.S. 289, 293, 298-301 (2013).

While such a decision is an "adjudication on the merits," the federal habeas court must still determine the state court's reasons for its decision in order to apply the deferential standard. When the relevant state-court decision on the merits is not accompanied by its reasons,

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

*Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The federal court "looks through" the silent state court decision "for a specific and narrow purpose—to identify the grounds for the higher court's decision, as AEDPA directs us to do." *Id*. at 1196.

> When . . . there is no reasoned state-court decision on the merits, the federal court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Richter*, 562 U.S. at 102.  If such disagreement is possible, then the petitioner's claim must be denied. *Ibid*.

*Sexton*, 138 S. Ct. at 2558.  The petitioner bears the burden to demonstrate that "there was no reasonable basis for the state court to deny relief."  *Richter*, 562 U.S. at 98.

### III. ANALYSIS

For purposes of review, the Court considers the last reasoned decision on Petitioner's claim—that of the Kings County Superior Court.  Because the Superior Court rejected Petitioner's claims on the merits, the deferential standard of § 2254 applies.

**A. Background**

Petitioner argues there is "no evidence" to support the finding by the disciplinary hearing officer that he was guilty of battery on a peace officer.  (Doc. No. 1 at 1).  In support of this contention, Petitioner reiterates the argument he presented in his administrative appeals and state habeas petitions

> that he could not be held responsible for a [b]attery since Petitioner was not the person who struck the officer.  Specifically, Petitioner argued that  under the doctrine of 'contribu[tory] negligence' once the Reporting Employee extended his leg so his foot/boot would be struck by the door this would relieve Petitioner of any liability since the Reporting Employee freely choose [sic] to extend his leg so his foot/boot would be struck.  Further, Petitioner argued that he could not held liable for a Battery since the Battery would not have occurred had the Reporting Employee not extended his leg so his foot/boot would be struck.

(*Id*. at 4).  Petitioner also cites to California Penal Code § 242 which defines battery as "any willful and unlawful use of force or violence upon the person of another"[2] and argues that (1) he

---

[2] Here, the disciplinary hearing officer found Petitioner guilty of battery of a peace officer in violation of California Code of Regulations, title 15, Section 3005(d)(1) which provides inmates "shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon other person." Cal. Code Regs. tit. 15, § 3005(d)(1) (citing Cal. Pen. Code § 242 defining battery as "any willful and unlawful use of force or violence upon the person of another."). (Ex. 3, Doc. No. 10 at 54, 64-65). "It has long been established that 'the least

did not cause the "offensive touching," and (2) he had no intent to commit a battery. (*Id*. at 5-6). Thus, according to Petitioner, the Superior Court finding "contradicts" the "some evidence" standard in *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). (*Id*. at 8).

In its Answer, Respondent contends Petitioner has not shown that the Kings County Superior Court decision was contrary to or an unreasonable application of clearly established federal law under AEDPA, and he has not shown that the Superior Court decision was based on an unreasonable determination of the facts. (Doc. No. 10 at 4-6). In reply, Petitioner reasserts the arguments in his Petition, and additionally argues that AEDPA deference does not apply in this case because the state court "overlooked the fact that no battery occurred until the Reporting Employee extended his leg so that it would be struck by the door." (Doc. No. 14 at 9).

**B. Superior Court Decision**

In rejecting Petitioner's state habeas petition, the Superior Court, in citing to the applicable law and facts, in relevant part found:

> A prisoner is entitled to due process at a disciplinary hearing, but not to the same rights as a defendant at a criminal trial. (*In re Estrada* (1996) 47 Cal.App.4th 1688, 1694.) Unlike a guilt finding at a criminal trial, a disciplinary finding requires only "*some*" supporting evidence to satisfy due process concerns. (*Superintendent v. Hill* (1985) 472 U.S. 445, 455-456, italics added; *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1498.) This standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is <u>any</u> evidence in the record that could support the conclusion reached by the disciplinary board." (*Superintendent v. Hill*, *supra*, 472 U.S. at pp. 455-456.)
>
> Petitioner asserts it is the Reporting Employee's [Officer Wilson's] fault that his foot was hit by the slamming door because the Reporting Employee made the choice to extend his foot. However, the fact that Petitioner slammed the door with great force in front of the officer is sufficient evidence to support the disciplinary board's conclusion that Petitioner used force that resulted in battery, regardless of whether the result was intentional or not. The due

---

touching' may constitute battery. In other words, force against the person is enough; it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave a mark. The California Court of Appeal held that the force may be applied directly (such as punching) or 'indirectly by causing an object to touch the other person." *Dealba v. People of the State of Calif*., 2019 WL 7865050, at *6 (C.D. Cal. Dec. 16, 2019); *see also People v. Flores*, 176 Cal.App.4th 924, 931 (2009) (battery committed by spitting in guard's face).

7

> process requirements imposed by the Federal Constitution do not authorize this court to reverse prison disciplinary actions and/or determinations simply because, in this court's opinion, there is a realistic probability the Petitioner may not be guilty of the charged infraction. (*In re Zepeda*, *supra*, 141 Cal. App. 4th at p. 1498.)

(Ex. 2, Doc. No. 10 at 31).

### C. Petitioner is Not Entitled to Relief

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Hill*, 472 U.S. at 455. A finding of guilt on a prison disciplinary charge cannot be "without support" or "arbitrary." *Id.* at 457. The "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994) (citing *Hill*, 472 U.S. at 455-56 and *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987)). Determining whether this standard is satisfied in a particular case does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986), *abrogated in part on other grounds* by *Sandin v. Connor*, 515 U.S. 472 (1995). Indeed, in examining the record, a court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence. *Hill*, 472 U.S. at 455. The question is whether there is any reliable evidence in the record that could support the decision reached. *Toussaint*, 801 F.2d at 1105.

The Court finds the Superior Court's decision was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court. The Superior Court correctly identified and cited to clearly establish Federal law and found there was some evidence in the record that could support the conclusion reached by the disciplinary hearing officer that Petitioner was guilty of battery of a peace officer. *Hill*, 472 U.S. at 455. As an initial matter, the Court notes that Petitioner admitted at the disciplinary hearing, and again in his Petition, that he slammed the door. (Ex. 3, Doc. No. 10 at 68; Doc. No. 1 at 6). The Superior Court considered Petitioner's argument, as here, that regardless of whether he slammed the door,

8

he did not commit battery because Officer Wilson extended his foot and therefore Petitioner did not cause the "offensive touching." (*See* Doc. No. 10 at 31 ("Petitioner asserts it is the Reporting Employee's fault that his foot was hit by the slamming door because the Reporting Employee made the choice to extend his foot.")). The Superior Court citing to *Hill* determined that some evidence supported the finding that Petitioner was guilty of battery of a peace officer because the fact that he slammed the door with such force in front of Officer Wilson was sufficient to support the disciplinary hearing officer's conclusion that Petitioner used force that resulted in battery regardless of whether it was intentional or not. (*Id.*). Based on the foregoing, the undersigned concludes that the Superior Court's decision that "some evidence" supported finding Petitioner guilty of battery of a peace officer was not contrary to nor an unreasonable application of clearly established federal law. *See Hill*, 472 U.S. at 455-56 ("Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

Second, Petitioner does not challenge whether the Superior Court's finding was based on an unreasonable determination of the facts. (Doc. No. 10 at 5-6 (citing 28 U.S.C. § 2254(e)(1) ("state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence.")). As noted by Respondent, Petitioner "alleges that the superior court misapplied state law concerning contributory negligence in determining whether he or Officer Wilson was responsible for the battery. Thus, because the superior court's decision did not turn on any disputed factual finding, [Petitioner] is not entitled to relief." (Doc. No. 10 at 6). Moreover, as discussed in detail above, the Superior Court's decision was not contrary to or an unreasonable application of clearly established federal law as required under AEDPA.

Here, the state court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor an unreasonable determination of the facts. Thus, the undersigned recommends the Petition be denied.

## IV.  CERTIFICATE OF APPEALABIILTY

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Petitioner has not made a substantial showing of the denial of a constitutional right.  Thus, the undersigned recommends that the court decline to issue a certificate of appealability.

Accordingly, it is **RECOMMENDED**:

1. Petitioner be denied all relief on his Petition.  (Doc. No. 1).
2. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     February 16, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE