**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROY A. RHODES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, CORCORAN STATE PRISON,<br><br>　　　　Respondent. | Case No.: 1:20-cv-0012 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 18) |

　　　　Troy A. Rhodes is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner raised one ground for relief, asserting there was insufficient evidence to support the disciplinary finding that he was guilty of battery on a peace officer.  (Doc. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 17, 2023, the magistrate judge issued Findings and Recommendations, recommending the Court deny the petition for writ of habeas corpus and decline to issue a certificate of appealability.  (Doc. 18.)  Petitioner filed objections to the Findings and Recommendations, restating his argument the disciplinary hearing officer's finding that he was guilty of battery on a police officer is not supported by "some evidence" pursuant to *Superintendent v. Hill*, 472 U.S. 445 (1985) because the reporting employee "freely decid[ed] to extend his leg so that his foot/boot would be struck," and therefore Petitioner did not cause any

"offensive touching." (Doc. 21 at 8.) However, as the magistrate judge observed, the Superior Court determined "some evidence" supported a determination that Petitioner was guilty of battery upon a peace officer because Petitioner slammed the door—which he admitted at the disciplinary proceeding— with force in front of Officer Wilson, which was "sufficient to support the disciplinary hearing officer's conclusion that Petitioner used force that resulted in battery regardless of whether it was intentional or not." (*See* Doc. 18 at 9.) Thus, the determination that "some evidence" supported the finding was neither contrary to nor an unreasonable application of clearly established federal law. *See Hill*, 472 U.S. at 455-56.

According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 17, 2023 (Doc. 18), are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

3. The Court declines to issue a certificate of appealability.

4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **April 18, 2023**

_____
UNITED STATES DISTRICT JUDGE